**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-40656
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHARLES EVERETT BILLS,

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Texas

(4:93-CR-62-1)

January 28, 1997

Before WISDOM, KING, and SMITH, Circuit Judges.

PER CURIAM:[*]

In this appeal, we are asked to review a jury's finding that the defendant, Charles Everett

Bills, was not entrapped by federal agents in his arrest for various drug trafficking offenses. The

defendant further asserts that federal prosecutors violated the Jencks Act by not producing a

transcript of prior testimony by one of the government's witnesses. Having thoroughly reviewed the

record and the testimony in question, we AFFIRM.

I.

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

The jury's finding that the defendant was not entrapped may only be disturbed if we conclude that no rational jury could have found, beyond a reasonable doubt, that the defendant was predisposed to commit the offenses.[1] We must view every fact in the light most favorable to the jury's verdict.[2] A review of the record reveals ample evidence against the defendant. Moreover, the defendant's entrapment theory was supported solely by his own testimony. As such, a rational juror could easily have found that the defendant was not entrapped, but rather possessed the required predisposition to commit the instant offenses.

## II.

Courts should be hesitant to conclude that the defense could not have effectively utilized a producible statement had it been properly in their possession.[3] Here, the government failed to produce a transcript of prior testimony by Officer Robinson. Such material is arguably a "statement" within the purview of the Jencks Act.[4] Failure to produce a statement that is required to be so produced under the Jencks Act is harmless error, however, where there is no "substantial inconsistency, contradiction or variation" between the prior statements and the witnesses trial testimony.[5] Having reviewed Officer Robinson's testimony at trial and his testimony from the revocation hearing, we find no such inconsistency. We find, further, that the evidence was not

---

[1]  *United States v. Rodriguez*, 43 F.3d 117, 126 (5th Cir.), cert denied, 115 S.Ct. 2260 (1995).

[2]  *Id.*

[3]  *Rosenberg v. United States*, 360 U.S. 367, 375-76 (1959).

[4]  18 U.S.C. § 3500.

[5]  *United States v. Keller*, 14 F.3d 1051, 1055 (5th Cir. 1994), quoting *United States v. Merlino*, 595 F.2d 1016, 1019 (5th Cir. 1979).

exculpatory.  Hence, the defendant's rights under *Brady v. Maryland*[6] were not violated.

**AFFIRMED.**

---

[6]     373 U.S. 83 (1963).